DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROYAL & SUN ALLIANCE INSURANCE PLC,

                *Plaintiff,*

              - against -

TGT TRANSPORT INC., and
TOTAL TRUCK TRANSPORT, INC.,

                *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**15 Civ. 8730**

**COMPLAINT**

        Plaintiff Royal & Sun Alliance PLC (hereinafter "RSA") by its undersigned attorneys, Maloof Browne & Eagan, for its Complaint, alleges on information and belief as follows:

### GENERAL ALLEGATIONS
### APPLICABLE TO ALL CAUSES OF ACTION

**I. JURISDICTION, VENUE AND PARTIES**

    1.    This Court has subject matter jurisdiction pursuant to federal law under 28 U.S.C. § 1331 as a claim arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C. § 14706 and/or federal common law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and/or diversity jurisdiction under 28 U.S.C. § 1332.

    2.    At all times material hereto, Plaintiff RSA was and is a corporation organized and

existing under the laws of the United Kingdom, with its principal place of business in the United Kingdom, and insured the Shipment which is the subject matter of this action.

3. CYNNY S.P.A. (not a party to the action) (hereinafter "CYNNY") was the shipper of the Shipment which is the subject of this action.

4. Defendant Total Truck Transport, Inc. (hereinafter "Total Truck" or "Defendant") is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Virginia, and was and now is engaged in business as, *inter alia*, a carrier of goods by road for hire, and operates and runs routes in this District and does business in the State of New York.

5. Defendant TGT Transport Inc. (hereinafter "TGT" or "Defendant") is a corporation organized and existing under of the laws of the State of Indiana with its principal place of business in Indiana, and was and now is engaged in business as a carrier, broker, forwarder and/or otherwise involved in the transportation of goods, and operates and runs routes in this District, and does business in the State of New York.

6. The amount in controversy, excluding interest and costs, exceeds $75,000.

7. Venue is proper here within the meaning of 28 U.S.C. § 1391(c) and/or 49 U.S.C. § 14706(d) because Defendants are receiving and/or delivering carriers and/or do business and/or schedule or operate trucks and routes throughout the 48 contiguous United States including the State of New York and the area comprising the Southern District of New York.  The Shipment at issue was delivered to Defendants in New York, the surveying company which inspected the loss is headquartered in New York, and relevant witnesses are within this Court's subpoena power.

## THE SHIPMENT

8. On or about May 29-30, 2014, there was shipped and delivered to Defendants in

New York a Microserver Rack, then being in good order and condition (the "Shipment"). In consideration of certain agreed freight charges thereafter paid or agreed to be paid, Defendants agreed to transport and carry and/or broker and/or forward and/or otherwise arrange for transport the Shipment to Cogent Communications' facility in Herndon, Virginia and there deliver the Shipment in the same good order and condition as when received. The Shipment is more fully described in transportation document IAD O237359 dated May 30, 2014, and/or such other documents as may be deemed to constitute receipts or contracts of carriage.

9. The Shipment was carried by Defendants from New York to Herndon, Virginia. Prior to delivery, however, the Shipment was severely damaged. The Shipment was not delivered at destination in the same good order and condition as received, but on the contrary, was severely damaged, all in violation of Defendants' obligations as a carrier and/or broker and/or forwarder and/or otherwise.

10. Plaintiff RSA insured the Shipment against loss and damage. By reason of the loss described above, RSA was obliged to pay and actually paid $140,000 to CYNNY SPA, the shipper of the consignment, and incurred substantial additional other expenses, for which Defendants are legally liable. Plaintiff brings this action on its own behalf and as agent or trustee, for any deductible loss suffered by its assureds, as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

11. Plaintiff RSA and its assured have performed all conditions on their parts to be performed.

12. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $142,000.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR
### DUTIES UNDER THE CARMACK AMENDMENT

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1-12 above and all of the allegations below.

14. By reason of the foregoing, each of the Defendants was a carrier of merchandise and/or a freight forwarder, broker, or other transportation intermediary, and breached its duties as such under the Carmack Amendment, 49 U.S.C. § 14706, and/or other applicable laws and/or under the applicable transportation contracts.

15. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $142,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 above.

17. Each of the Defendants was acting as bailee of Shipment at the time of the loss. Each of the Defendants was thereby, or through its contractors, agents, servants or sub-bailees, a bailee who warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Each of the Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff's assured, or its designee, the Shipment in as good

condition as when entrusted to it.

18. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $142,000.

## THIRD CAUSE OF ACTION

## NEGLIGENCE/GROSS NEGLIGENCE

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20. Each of the Defendants, by its negligence and/or, gross negligence, caused the loss to the Shipment. Each of the Defendants therefore improperly failed to deliver the Shipments to the consignee, or its designee, in as good condition as when entrusted to it.

21. By reason of the foregoing, each of the Defendants has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $142,000.

## FOURTH CAUSE OF ACTION

## ALTERNATIVE BREACH OF CONTRACT

22. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 21 above.

23. By reason of the foregoing, Defendant TGT breached their duties under the implied or written contract of loading, forwarding, brokering, carriage and/or transportation or arranging transportation and/or to safely and carefully load and deliver the Shipment.

24. By reason of the foregoing, Defendant TGT has caused damage to Plaintiff, and to others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to

or exceeding U.S. $142,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest, attorneys' fees and costs and the disbursements of this action;

3. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: Rye, New York          MALOOF BROWNE & EAGAN LLC
November 6, 2015

By: s/ Thomas M. Eagan
   David T. Maloof  (DM 3350)
   Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff*